# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA PRESTON, individually, and as administrator of the Estate of Nicholle Knight,<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO.: |

## COMPLAINT

COMES NOW Donna Preston, individually, and as administrator of the Estate of Nicholle Knight, Plaintiff, and makes and files this complaint against Defendant Werner Enterprises, Inc. as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Donna Preston is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court.

2.

Defendant Werner Enterprises, Inc. ("Werner") is a foreign corporation, existing under the laws of the State of Nebraska with its principal place of business in the State of Nebraska, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent Corporate Creations Network at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066 and is subject to the jurisdiction of this court.

3.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## BACKGROUND

5.

On or about March 13, 2022, Eric Alexander was driving a tractor-trailer westbound on I-20 near Thornton Road in Cobb County when he stopped his vehicle in the middle lane of travel on the interstate.

6.

On that date, Decedent Nicholle Knight was approaching the stopped tractor-trailer from the rear and brakes and swerved in an attempt to miss it and struck the rear of the trailer.

7.

At the time of this incident, Alexander was operating his tractor-trailer on behalf of Defendant Werner Enterprises, Inc.

## **COUNT I – NEGLIGENCE**

8.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

9.

Alexander was negligent in failing to properly inspect and maintain his vehicle for any mechanical issues, for failing to place out warning markers at the rear of his trailer within 10 minutes of being stopped, for failing to drive his vehicle to the shoulder of the road before stopping his vehicle and for stopping his vehicle in the lanes of travel.

10.

Alexander was negligent in stopping his vehicle in the roadway and causing the collision between his vehicle and Decedent's vehicle.

11.

Alexander's negligence is the sole and proximate cause of the collision and the injuries suffered by the Decedent which led to her death.

## **COUNT II – IMPUTED LIABILITY**

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

At the time of the subject collision, Alexander was an employee of Defendant Werner and was acting within the scope of his employment.

14.

At the time of the subject collision, Alexander was operating his vehicle on behalf of Defendant Werner.

15.

Defendant Werner is responsible for the actions of Alexander in regard to the collision described in this complaint under the doctrine of respondeat superior, agency, or apparent agency.

**COUNT III – NEGLIGENT INSPECTION, MAINTENANCE AND REPAIR**

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Defendant Werner was responsible for inspections, maintenance and repairs of the tractor-trailer and the tires on the vehicle.

18.

Defendant Werner was negligent in failing to properly inspect, maintain and repair the tractor-trailer and its tires.

19.

As a result of Defendant's negligence, the tractor-trailer had mechanical problems leading up to the collision.

## COUNT IV – DAMAGES

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At the time of the collision, Plaintiff Donna Preston was the mother of the Decedent Nicholle Knight, and Plaintiff is the proper party to bring a claim for the full value of her life.

22.

Decedent experienced pain and suffering as a result of the impending collision and her injuries and incurred medical expenses from her injuries before she died, and Plaintiff Donna Preston as the administrator of her estate is the proper party to bring these claims and claims for her medical expenses.

23.

As a result of Defendant's negligence, Plaintiff has a claim for the wrongful death of the Decedent, for the Decedent's pain and suffering, and for the Decedent's funeral and medical expenses.

## COUNT V– PUNITIVE DAMAGES

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendant as follows:

a. That Plaintiff recover for the full value of the life of Nicholle Knight;

b. That Plaintiff recover the Decedent's past medical expenses and funeral expenses in an amount to be proven at trial;

b. That Plaintiff recover for the Decedent's past mental and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiff recover such other and further relief as is just and proper.

This 13th day of April, 2022.

                                          Respectfully Submitted,

                                          **FRIED GOLDBERG LLC**

                                          By: */s/ Michael L. Goldberg*
                                          **MICHAEL L. GOLDBERG**
                                          Georgia Bar No. 299472
                                          **ERIC J.D. ROGERS**
                                          Georgia Bar No. 100081

Three Alliance Center
3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email:  Michael@friedgoldberg.com
Email:  Eric@friedgoldberg.com

                                          *Attorneys for Plaintiff*