IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA PRESTON, individually, and as administrator of the Estate of Nicholle Knight,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-01435-CAP |

## DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **WERNER ENTERPRISES, INC.**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any damages alleged in Plaintiff's Complaint.

## THIRD DEFENSE

The sole and proximate cause of the accident referenced in this Complaint was the negligence, including but not limited to, negligence *per se*, of a party or parties other than the Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## FOURTH DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the decedent's own contributory/comparative negligence and failure to exercise ordinary care, and, as such, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

Decedent, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint; and therefore, Plaintiff is not entitled to recover from this Defendant.

## SIXTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or

may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, Defendant specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiff.

### EIGHTH DEFENSE

To the extent shown by evidence through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12(b), and none of these defenses are waived.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiffs cannot recover to the extent that there was an intervening or superseding cause.

### ELEVENTH DEFENSE

Plaintiffs cannot recover against this Defendant to the extent that there was another entity who was negligent or responsible.

## TWELFTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant is without information to either admit or deny the allegations of Paragraph 1 of the Complaint. Therefore, same is denied.

2.

Paragraph 2 of the Complaint is admitted.

3.

Paragraph 3 of the Complaint is admitted.

4.

Paragraph 4 of the Complaint is admitted.

## BACKGROUND

5.

Defendant admits on March 13, 2022 Eric Alexander was driving a tractor trailer on I-20 in Cobb County but denies the remaining allegations of Paragraph 5 of the Complaint as stated.

6.

Defendant is without information to either admit or deny the allegations of Paragraph 6 of the Complaint. Therefore, same is denied.

7.

Paragraph 7 of the Complaint is admitted.

8.

Defendant restates its responses to the allegations contained in Paragraphs 1 through 7 of Plaintiff's Complaint and incorporates them herein by reference as if set forth verbatim.

9.

Paragraph 9 of the Complaint is denied.

10.

Paragraph 10 of the Complaint is denied.

11.

Paragraph 11 of the Complaint is denied.

12.

Defendant restates its responses to the allegations contained in Paragraphs 1 through 11 of Plaintiff's Complaint and incorporates them herein by reference as if set forth verbatim.

13.

Paragraph 13 of the Complaint is admitted.

14.

Paragraph 14 of the Complaint is admitted.

15.

Paragraph 15 of Plaintiff's Complaint is denied.

16.

Defendant restates its responses to the allegations contained in Paragraphs 1 through 15 of Plaintiff's Complaint and incorporates them herein by reference as if set forth verbatim.

17.

Defendant admits that it owed certain duties under Federal and Georgia law, including a duty due care in the operation of motor vehicles. To the extent anything further is alleged by Paragraph 17, Defendant denies Paragraph 17 of the Complaint as stated.

18.

Paragraph 18 of the Complaint is denied.

19.

Paragraph 19 of the Complaint is denied.

20.

Defendant restates its responses to the allegations contained in Paragraphs 1 through 19 of Plaintiff's Complaint and incorporates them herein by reference as if set forth verbatim.

21.

Defendant is without information to either admit or deny the allegations of Paragraph 21 of the Complaint. Therefore, same is denied.

22.

Paragraph 22 of the Complaint is denied.

23.

Paragraph 23 of the Complaint is denied.

24.

Defendant restates its responses to the allegations contained in Paragraphs 1 through 24 of Plaintiff's Complaint and incorporates them herein by reference as if set forth verbatim.

25.

Paragraph 25 of the Complaint is denied.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All

remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This <u>6th</u> day of May, 2022.

                               **HALL BOOTH SMITH, P.C.**

                               */s/ Paul E. Petersen*
                               SCOTT H. MOULTON
                               Georgia Bar No. 974237
                               SEAN B. COX
                               Georgia Bar No. 664108
                               PAUL E. PETERSEN III
                               Georgia Bar No. 791066
                               *Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
scox@hallboothsmith.com
ppetersen@hallboothsmith.com
**DEFENDANT DEMANDS TRIAL BY JURY**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA PRESTON, individually, and as administrator of the Estate of Nicholle Knight,**<br><br>Plaintiff,<br><br>v.<br><br>**WERNER ENTERPRISES, INC.,**<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-01435-CAP |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Michael Goldberg
Eric J.D. Rogers
Fried Goldberg LLC
3550 Lenox Road NE
Suite 1500
Atlanta, GA 30326-4302
michael@friedgoldberg.com
eric@friedgoldberg.com

This 6th day of May, 2022.

-10-

74311916-1
8056-0085

-11-

 

HALL BOOTH SMITH, P.C.

*/s/ Paul E. Petersen*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
PAUL E. PETERSEN III
Georgia Bar No. 791066
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
scox@hallboothsmith.com
ppetersen@hallboothsmith.com
**DEFENDANT DEMANDS TRIAL BY JURY**